# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GUSTAVO ALFREDO MUNOZ SANCHEZ,

    Petitioner,

v.   No. 26-cv-0238-MIS-KRS

WARDEN, Otero County Processing Center,
MARY DE ANDA-YBARRA, Field Officer Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; KRISTI NOEM, Secretary, U.S. Department
Of Homeland Security; AND PAMELA BONDI,
U.S. Attorney General,

    Respondents,[1]

## ORDER TO SHOW CAUSE

This matter is before the Court on Petitioner Gustavo Alfredo Munoz Sanchez's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). ECF. No. 1. Petitioner is detained at the Otero County Processing Center ("OCPC") and is proceeding *pro se*. Petitioner states that he is eligible (possibly through a family member) to remain in the United States under the federal Violence Against Women Act ("VAWA"). *See id.* at 6. He also received a USCIS Advanced Parole document, which generally allows noncitizens to re-enter the United States after traveling abroad if they have a green card or other temporary immigration status. *Id.* The Petition alleges Petitioner is not subject to a pending removal proceeding, and his Immigration Court case is closed. *Id.* Petitioner has not received a bond hearing and seeks such a hearing or,

---

[1] The *pro se* Petition names, inter alia, the Warden at Petitioner's detention facility. The Court will add the above-mentioned parties as Respondents. *See Torres-Torres v. Miller,* 2020 WL 4430519 (D.N.M. July 31, 2020) (discussing the respondents in an immigration habeas case); *Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

alternatively, an immediate release from custody.  *Id.* at 7.

Having reviewed the record, and accepting the facts as true, it appears there is no valid basis for Petitioner's immigration detention.  *See Ramirez v. Lewis*, Civil Action No. 4:25-cv-143-RGJ, 2025 WL 3553676, at *12 (W.D. Ky. Dec. 11, 2025) (granting a release under § 2241 where Petitioner received authorization to remain in the United States under VAWA); *Vargas v. Warden*, No. 26-cv-0070-DHU-GBW, 2026 WL 125566, at *1 (D.N.M. Jan. 16, 2026) (ordering a release where "there are no pending removal proceedings involving petitioner"); *Gonzalez Ochoa v. McCleary*, 3:25-cv-00139-SHL-WPK, 2026 WL 235589, at *5 (S.D. Iowa Jan. 2, 2026) ("With no pending … removal proceeding, ICE had no basis … to detain Gonzalez Ochoa").

The Clerk's Office has electronically served the Petition on Respondents via CM/ECF.  *See* ECF No. 2.  Within ten (10) business days of entry of this Order, the United States Attorney's Office ("USAO") shall answer the Petition and show cause, if any, why the Court should not grant relief.  The USAO is not required to file a response if there is not a well-supported basis under the law for Petitioner's continued detention.  The failure to timely respond will result in a separate order granting the Petition without further proceedings.

**IT IS ORDERED** that the USAO shall answer the Petition within ten (10) days of entry of this Order and show cause, if any, why the Petition should not be granted.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **UPDATE** the case caption to match the party Respondents added/substituted via this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE